# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Shannon B.,**
**Respondent Below, Petitioner**

vs)  **No. 13-0726** (Berkeley County 09-D-91)

**Shawn E.,**
**Petitioner Below, Respondent**

**FILED**

August 29, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shannon B. ("the mother"), by counsel William B. Carey, appeals the June 7, 2013, order of the Circuit Court of Berkeley County that affirmed the April 12, 2013, final order of the Family Court of Berkeley County. The family court's order decreased the mother's custodial time with her child, and increased Respondent Shawn E.'s ("the father's") time with the child. The mother claims that her procedural due process rights were violated because both the family court and the circuit court decided the case absent a recording of the hearing in which the mother presented her case-in-chief in the family court. Both courts had a recording of the hearing in which the father presented his case-in-chief. The mother does not seek an opinion on the merits, but instead asks for "an order remanding the case for a de novo hearing by a different judge." The father, by counsel Cynthia A. Gaither, filed a response in support of the circuit court's order to which the mother replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The mother and the father were never married, but have one child together. The child is now about eight years old and is the subject of the order on appeal. The mother currently resides in Pennsylvania. The father resides about fifty miles south of the mother in Martinsburg, West Virginia.

In 2009, the father filed a child custody case in West Virginia. Upon agreement of the parties, the family court entered an order that the child would spend half her time with her mother and the other half with her father. This arrangement continued until June of 2011, when the parties disagreed upon where the child would go to kindergarten. The father filed a motion to modify the parties' custody arrangement to allow the child to attend school in West Virginia. At a June 28, 2011, temporary hearing on the father's motion to modify custody, the parties agreed that the child would attend school in West Virginia. Thereafter, the family court entered its final

1

order on the matter in November of 2011, which continued the parties' shared decision-making and equal custodial allocation for the child, and required that the child attend school in West Virginia.

About a year later, in August of 2012, the mother told the father that she intended to enroll the child in school in Pennsylvania. The father objected to the mother's plan. On August 20, 2012 (the first day of the West Virginia school year), the mother picked the child up from her West Virginia school, and thereafter refused to return her to that school or for her regular custodial time with the father. The next day, the mother attempted to enroll the child in a Pennsylvania elementary school, while the father filed a motion for ex parte relief in family court. On August 22, 2012, the family court issued an ex parte order that maintained the parties' equal custodial schedule and again required that the child attend school in West Virginia.

In response, the mother filed a motion for an emergency protective order in which she claimed the father was verbally abusing her, stalking her, and harassing her. A temporary protective order issued which did not modify the parties' custody order. At an August 27, 2012, final hearing, mother's protective order petition was denied on the ground that the "standard of proof was not sufficient."

A day later, on August 28, 2012, the family court granted the father sole decision-making authority for, and sole custody of, the child via a second, ex parte, temporary order. In response, the mother returned the child to her West Virginia school on August 29, 2012. The mother's actions caused the child to miss six of her first seven days in first grade.

On September 10, 2012, the family court held a status hearing on the matter. The family court's ensuing order, entered September 19, 2012, (1) vacated its ex parte orders of August 22 and 29, 2012; (2) returned the parties to shared decision-making and an equal custodial schedule; (3) told the parties to engage in counseling with a psychologist; and (4) appointed the child a guardian ad litem ("GAL"). A second status hearing was held on November 5, 2012, at which the family court scheduled a one-half-day-long "contested hearing" for January 28, 2013. Thereafter, the psychologist worked with the parties and the child, and the GAL interviewed the parties, the child, relevant family members, school staff, and the psychologist. During the pendency of her work with the family, the GAL filed two detailed reports, and an addendum to the second report.

The parties' contested hearing commenced on January 28, 2013. However, at the conclusion of the allotted one-half day, only the father had presented his case-in-chief, which included his testimony, and the testimony of the psychologist,[1] the child's first grade teacher,[2]

---

[1]The psychologist testified that, although both parties are good parents, they do not cooperate well and constantly bicker and fight over the child. The psychologist was concerned about the child's continuity of medical care given that she had two pediatricians, one in Pennsylvania and one in West Virginia. The psychologist was also concerned that mother had allowed the child to miss many days of school. Ultimately, the psychologist found father to be the more stable parent, in part, because he exercised better judgment than did mother. Therefore, the psychologist recommended that father have primary custody of the child.

2

and the mother. At the close of the hearing, the family court set the case for a second day of testimony on March 4, 2013. At the March 4, 2013, hearing, the mother presented her case-in-chief through her own testimony and the testimony of her parents and the GAL.[3]

On March 5, 2013, the parties learned that, due to a mechanical failure or human error, no audio recording was made of the March 4, 2013, hearing.[4] Thereafter, counsel for both parties agreed that, in the absence of an audio recording for the March 4, 2013, hearing, the family court should prepare its final order based on its notes and recollection of the hearing. Soon thereafter, both parties submitted proposed orders that contained detailed findings of fact. However, on April 4, 2013, the mother's trial counsel sent a letter to the family court in which he stated the following:

> I have enclosed additional language that I would request be included in the Final Order in this matter. Both [the father's counsel] and I had originally suggested that Your Honor prepare the Final Order based upon your notes and recollection of the testimony during the final hearing. I am also concerned as to how [the mother] will be able to seek any meaningful appellate review in this matter since the audio for the second day of the final hearing did not record. West Virginia Code § 51-2A-14(b) limits the circuit court to considering the record on appeal as provided for in West Virginia Code § 51-2A-8(d). Thus, it may be necessary to reconvene the final hearing in order to recreate the record.

On April 12, 2013, without reconvening the hearing, the family court entered a lengthy and detailed order in which it summarized the testimony from each witness at both the January 28, 2013, and the March 4, 2013, hearings. In rendering its decision, the family court found that—at the March 4, 2012, hearing—both the psychologist and the GAL recommended that the father be given a greater custodial allocation than the mother because the mother had allowed the child to miss many unexcused days of school while the father had ensured that the child regularly attended school. The family court also devoted considerable discussion to the mother's "numerous inconsistent and contradictory responses in her testimony" which related to the child's schooling, health, and other relevant issues. The family court maintained the parents' shared decision-making authority, but awarded the father primary custody of the child. Specifically, the family court ruled that the child would reside with the father during the school

---

[2]The child's teacher testified that mother was not as involved as father in school activities and that mother did not want the child to participate in a program for children whose parents are divorced.

[3]The GAL's testimony focused on (1) the number of days mother allowed the child to miss school, (2) mother's repeated failure to provide doctor's excuses for those missed days even though mother claimed she had such excuses; and (3) mother's lies regarding her claim that father had failed to give the child prescribed antibiotics.

[4]Apparently, a video recording was made in which the hearing could be seen, but not heard.

year, and that the mother would have the child every other weekend, every Tuesday night, on alternating holidays, and for a block of time in the summer. In making this decision, the family court explained that it had relied primarily on the testimony of the psychologist and the GAL because they had provided "the most objective assessment of the situation, and their conclusions [were] consistent with one another." Finally, the family court ordered the mother to pay child support to the father.

Thereafter, the mother, appearing pro se, filed a verified petition of appeal with the circuit court in which she claimed that the family court (1) failed to issue adequate findings to impose a less than equal custody allocation; (2) interpreted the GAL's report in a manner contrary to law; (3) failed to give any weight to the mother's evidence; (4) erred in appointing a biased GAL who should have been found to have been conflicted out of the case; (5) was prejudiced against the mother; (6) awarded a biased and unfair child support award against the mother; and (7) divested the mother of adequate time to bond with her child.

The circuit court addressed each of the mother's assignments of error, as follows. First, the circuit court found that four of the mother's assignments of error (numbers one, two, three, and seven) essentially addressed the same issues: (1) whether the family court's findings of fact supported more custodial time for the father than for the mother, and (2) whether that arrangement was in the child's best interest. The circuit court concluded that the family court did not abuse its discretion given the family court's findings that a change in circumstance allowed modification of the parties' custodial responsibility for the child, the prior equal custodial relationship was not working in the child's best interest, and the mother's wrongful behavior was the primary motivation for the change in custodial responsibility. As for the mother's claim that the family court's appointment of the GAL was in error, the circuit court concluded that the family court did not abuse its discretion because the mother and the father had agreed to the appointment of both the GAL and the psychologist, and the mother's trial counsel had drafted the order that appointed both. Further, the circuit court found no evidence in the record that the GAL was biased in this case against either party. Finally, the circuit court found that the mother presented no evidence showing that the family court was biased against her. As for the mother's complaints regarding the family court's award of child support to the father, the circuit court found that, although the mother was unemployed, she was not incapable of working. Hence, the circuit court concluded that the family court did not err in attributing income to the mother or to awarding child support in favor of the father.

With regard to the lack of an audio recording for the March 4, 2013, hearing, the circuit court found that any inadequacy of the record was not material to the issues on appeal because the mother did not challenge the family court's factual findings. Rather, the mother's contentions were that the family court failed to give proper weight to her evidence and legal arguments regarding the family court's proceedings and conclusions. Therefore, the circuit court found that the facts in this case were undisputed. Following this review of the mother's assignments of error, the circuit court affirmed the family court's order, absent a hearing, on June 6, 2013.

The mother now appeals the circuit court's order. We review a circuit court's ruling on a final family court order under the following standard:

4

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, the mother argues that the circuit court denied her right to due process when it wrongfully minimized the absence of the March 4, 2013, recording from the record on review. The mother claims that the missing evidence includes her direct testimony, the testimony of her parents, and the GAL's testimony, as well as the family court's rulings on various evidentiary matters. The mother claims that those rulings precluded the admission of the following evidence: a report from the Child Protective Services ["CPS"] office in Martinsburg; testimony from CPS personnel; a picture of the father's genitalia which the mother claims the father texted her following a dispute; and text messages from the father to the mother that the mother claims placed the father in an unfavorable light.

The father counters that the family court did not err in opting not to reconduct the March 4, 2013, hearing because counsel for both parties submitted proposed orders that contained detailed findings of facts and the mother did not contest the family court's findings of fact in her appeal to the circuit court. In regard to the unrecorded testimony from the March 4, 2013, hearing, the father argues that the mother's parents' testimony at that hearing supported the mother's position, but added nothing new to the case; that the mother's testimony at the hearing did not differ from her testimony at the January 28, 2013, hearing; and that the GAL's testimony at the hearing was consistent with the GAL's statements in her reports to the court. The father also claims that the mother's list of exhibits for the final hearing included none of the "evidentiary" items she lists above. The father concludes that the family court's order contained sufficient findings to justify the modification of the parties' custodial allocation of the child and that the mother's improper actions resulted in the modification.

Despite the parties' many arguments, the dispositive issue in this appeal is whether the circuit court abused its discretion in denying the mother's appeal absent a recording of the March 4, 2013, hearing. Rule 29 of the Rules of Practice and Procedure for Family Court, to which neither party cites, directly resolves this issue. Rule 29 provides that

> [i]f essential portions of the recording of proceedings before a family court are inaudible or unavailable, the circuit court *may* recommit the case to the family court. The family court may then take evidence; and/or may accept from any party a proposed statement of the pertinent facts. . . .

(Emphasis added.) Pursuant to Rule 29, the circuit court was clearly not required to recommit this case to the family for the taking of evidence or to obtain proposed statements of pertinent facts from the parties.

As noted above, the record on appeal in this case reveals that, following the March 4, 2013, hearing, counsel for both parties submitted proposed orders to the family court which contained all of the relevant facts from both the January 28, 2013, hearing and the March 4, 2013, hearing. Moreover, the family court's seventeen-page-long order included detailed findings of fact from both hearings. Further, in her pro se appeal to the circuit court, the mother did not assign error to the factual findings in the family court's order. Finally, the circuit court directly addressed the absence of a recording for the March 4, 2013, hearing and found that it was not an issue on appeal because the facts of this case were not in dispute. In light of this record, and with Rule 29 of Rules of Practice and Procedure for Family Court in mind, we cannot say that the circuit court abused its discretion in denying the mother's appeal.

For the foregoing reasons, we affirm the circuit court's June 7, 2013, order.

Affirmed.

**ISSUED:** August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II